## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRYL MOODY, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3885 |
| | : | |
| TRACEY LAVALLEY-HILL, | : | |
| *Defendant*. | : | |

## ORDER

AND NOW, this 12th day of October, 2021, upon consideration of Darryl

Moody's Motion to Proceed *In Forma Pauperis* (ECF No. 4), Prisoner Trust Fund

Account Statement (ECF No. 5), and *pro se* Complaint (ECF No. 1), it is **ORDERED**

that:

1.      Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C.

§ 1915.

2.      Darryl Moody, #72069-066, shall pay the full filing fee of $350 in

installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.

The Court directs the Warden of FCI Fort Dix or other appropriate official to assess an

initial filing fee of 20% of the greater of (a) the average monthly deposits to Moody's

inmate account; or (b) the average monthly balance in Moody's inmate account for the

six-month period immediately preceding the filing of this case.  The Warden or other

appropriate official shall calculate, collect, and forward the initial payment assessed

pursuant to this Order to the Court with a reference to the docket number for this

case.  In each succeeding month when the amount in Moody's inmate trust fund

account exceeds $10.00, the Warden or other appropriate official shall forward

payments to the Clerk of Court equaling 20% of the preceding month's income credited to the inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

      3.    The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of FCI Fort Dix.

      4.    The Complaint is **DEEMED** filed.

      5.    For the reasons stated in the accompanying Memorandum, the following claims are **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as follows:

      a.    All claims requesting invalidation of the detainer are **DISMISSED WITHOUT PREJUDICE**. Moody may file a habeas petition pertaining to these claims after exhausting state remedies. All related damages claims are **DISMISSED WITHOUT PREJUDICE** to him reasserting those claims in a new action in the event he is able to invalidate the detainer through proper procedures.

      b.    The due process claim Moody may be raising based on the waiver he signed upon his arrest is **DISMISSED WITHOUT PREJUDICE**.

      c.    All other claims are **DISMISSED WITH PREJUDICE**.

      6.    Moody is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state a plausible claim based on a violation of his due process rights in connection with the waiver he signed upon his arrest. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Moody's claims against each defendant, and shall bear the title "Amended

Complaint" and the case number 21-3885.  The amended complaint shall be a complete

document that does not rely on the initial Complaint or other papers filed in this case

to state a claim.  Claims that are not included in the amended complaint will not be

considered part of this case.  When drafting his amended complaint, Moody should be

mindful of the Court's reasons for dismissing his failure to provide medical treatment

claim as explained in the Court's Memorandum.  Upon the filing of an amended

complaint, the Clerk shall not make service until so **ORDERED** by the Court.

      7.     The Clerk of Court is **DIRECTED** to send Moody a blank copy of the

Court's form complaint for a prisoner filing a civil rights action bearing the above civil

action number.  Moody may use this form to file his amended complaint if he chooses

to do so.[1]

      8.     If Moody does not wish to amend his Complaint and instead intends to

stand on his Complaint as originally pled, he may file a notice with the Court within

thirty (30) days of the date of this Order stating that intent, at which time the Court

will issue a final order dismissing the case.  Any such notice should be titled "Notice to

Stand on Complaint," and shall include the civil action number for this case.  *See*

*Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to

amend, he may file an appropriate notice with the district court asserting his intent to

stand on the complaint, at which time an order to dismiss the action would be

appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)));

*In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that the

---

[1] This form is available on the Court's website at
http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

9.      If Moody fails to file any response to this Order, the Court will conclude that Moody intends to stand on his Complaint and will issue a final order dismissing this case.[2]  *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                        **BY THE COURT:**


                                        */s/ Gerald J. Pappert*
                                        **GERALD J. PAPPERT, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).